UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMILLE WALKER | ) | |
| Plaintiff, | ) | No. 21 CV 3463 |
| | ) | |
| v. | ) | |
| | ) | |
| SAUK VILLAGE, | ) | |
| CHAD FREDERICKSEN; | ) | |
| | ) | |
| Defendant(s). | | |

COMPLAINT AT LAW

NOW COMES, Plaintiff, Jamille Walker, by and through his attorney, Jason R. Epstein, complaining against the Defendant City of Sauk Village and Chad Fredericksen.

1.   This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.   Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331, 1367 and 1343(a).

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

PARTIES

4.   The Plaintiff, Jamille Walker, was at all relevant times a United States citizen and resident of the State of Illinois.

5. At all relevant times, the Defendant, Chad Fredericksen, was a duly appointed Sauk Village Police officer acting within his scope of employment and under color of law.

6. Defendant City of Sauk Village is located in Cook County Il.

7. On or about June 28th, 2019, Plaintiff, Jamille Walker, was driving his vehicle in or near Sauk Village, IL.

8. Plaintiff was proceeding lawfully.

9. Defendant activated his lights and pulled over plaintiff for no lawful reason.

10. Once pulled over defendant asked for license and registration. After being given these items two other police cars arrived.

11. Defendant was going to search plaintiffs vehicle without probable cause.

12. Fearing for his health and safety plaintiff fled in his vehicle and later on foot..

13. Defendant released his k9 attack dog which bit into plaintiffs leg and caused severe and permanent damage to plaintiffs leg.

14. Defendant was terrified during the entire occurence.

COUNT I
UNREASONABLE SEIZURE

15. Plaintiff realleges the introductory and factual paragraphs excluding

other counts as if fully set forth in this count.

16. Defendants did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime when he was seized and arrested.

17. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and such other remedies as the court deems equitable.

## COUNT II
## EXCESSIVE FORCE

18. Plaintiff realleges the introductory and factual paragraphs excluding other counts as if fully set forth in this count.

19. Defendant officer directed and allowed the k9 attack dog to bite into plaintiff.

20. Defendant Officers violated Plaintiff's Eighth and Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

21. Plaintiff suffers from permanent damage to his leg.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and such other remedies as the court deems equitable.

## COUNT III
## ILLEGAL SEARCH OF PERSON

22. Plaintiff realleges the introductory and factual paragraphs excluding other counts as if fully set forth in this count.

23. Defendant officers named herein searched Plaintiff at the scene of the arrest without cause or basis prior to any questioning.

24. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff.

25. Defendant Officers conducted the search in a harassing manner intended to humiliate and inflict psychological pain.

26. Searching Plaintiff without legal justification violated his Fourth and Eighth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable search and seizures and cruel and unusual punishment.

WHEREFORE, Plaintiff asks that this Honorable Court:
   a)   Enter judgment against Defendant-Officers,
   b)   Award Plaintiff compensatory and punitive damages,
   c)   Award attorneys' fees and costs, and
   d)   Award any further relief that this Honorable Court deems just and equitable.

COUNT VI
Sauk Village
(Indemnification Claim pursuant to 745 ILCS 10/9-102)

27.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

28.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF Sauk Village is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF Sauk Village to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

JURY DEMAND

The Plaintiff, Jamille Walker, hereby request a trial by jury.

Respectfully submitted,

Jamille Walker

/s/ Jason R. Epstein
Law Offices of Jason R. Epstein
180 N. LaSalle Ste. 3700
Chicago IL 60601
(312)869-2603
Krime@KriminalDefense.com